## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**GEORGE DAVIS,**

|  |  |
|---|---|
| **Plaintiff,** | **CIVIL ACTION NO. 13-CV-11780** |
| **vs.** | **DISTRICT JUDGE SEAN F. COX** |
| **TOM BIRKETT, et al.,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **Defendants.** | |

_____/

### REPORT AND RECOMMENDATION

**I.     RECOMMENDATION:**  This Court recommends that the motion for summary judgment filed by Defendants Erick Balcarcel, Cynthia Johnson, Joel Parks, Jason Masar, and Dana Edwards (docket no. 16) be **GRANTED**.  The Court further recommends that Plaintiff's claims against Defendants Birkett, Kohlof, and Merry be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**II.     REPORT**:

        This matter is before the Court on the motion for summary judgment filed by Defendants Balcarcel, Johnson, Parks, Masar, and Edwards on August 20, 2013.  (Docket no. 16).  Several months passed with no response being filed by Plaintiff.  Consequently, on October 28, 2013 the Court ordered Plaintiff to file a response by November 18, 2013.  (Docket no. 17).  As of the date of this recommendation, Plaintiff has not filed a response to the motion.

        Along with considering the pending motion for summary judgment, the Court has reviewed the complaint in accordance with its duty to screen complaints under 28 U.S.C. §§ 1915(e)(2) and

1915A with respect to unserved Defendants Birkett, Kohlof, and Merry.  All pretrial matters have been referred to the undersigned for action.  (Docket no. 10).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  The Court is ready to rule on these matters pursuant to 28 U.S.C. § 636(b)(1)(B).

## A.   Facts

Plaintiff George Davis, a state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  (Docket no. 1).  The allegations giving rise to his complaint occurred while he was incarcerated at the Pine River Correctional Facility in St. Louis, Michigan.  (Docket no. 1). Defendants are Pine River Correctional Facility Warden Tom Birkett, Deputy Warden Kohlof, Assistant Deputy Warden Balcarcel, Inspector Merry, Lieutenant Johnson, Grievance Coordinator Parks, and Correctional Officers Masar and Edwards.  Plaintiff seeks damages and declaratory relief based on Defendants' alleged constitutional violations.  The Court granted Plaintiff's application to proceed *in forma pauperis* on June 12, 2013.  (Docket no. 7).  Service of process has not been completed as to Defendants Birkett, Kohloff, and Merry.  (Docket no. 19).

Plaintiff alleges that he was assaulted and severely beaten by eight prisoners on October 11, 2009.  He alleges that he sent kites to Defendants Birkett, Balcarcel, Merry, Johnson, and Parks prior to the assault informing them that he was being threatened and abused by fellow prisoners and he was afraid for his life.  He states that on the day of the assault he verbally informed Defendants Masar and Edwards that he was being threatened and abused by fellow prisoners and he was afraid for his life.  He alleges that Defendants had an affirmative duty to protect him from harm and failed

to do so.  The record shows that Plaintiff was transferred to a different prison facility after the assault.

On December 10, 2012 Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 against these same Defendants and others, asserting claims stemming from the October 2009 assault at Pine River Correctional Facility and from a second assault that occurred on December 28, 2009 at St. Louis Correctional Facility.  (Case no. 12-15403).  The case was assigned to Judge Zatkoff and referred to the undersigned for all pretrial purposes.  On March 8, 2013 Judge Zatkoff dismissed the case without prejudice for want of prosecution.

**B.    Standard**

Defendants Balcarcel, Johnson, Parks, Masar, and Edwards move for dismissal pursuant to Federal Rule of Civil Procedure 56.  Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  *Id.*  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

28 U.S.C. § 1915(e)(2)(B) requires the court to screen all complaints where the plaintiff is proceeding in forma pauperis and sua sponte dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary

3

relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A requires the court

to conduct the same review with regard to civil actions filed by prisoners against a governmental

entity or officer or employee of a governmental entity.

**C.**     **Analysis**

Defendants argue that Plaintiff's claims should be dismissed because Plaintiff failed to

exhaust his administrative remedies, and failed to allege that each Defendant was aware of the threat

of assault and was personally involved in the events giving rise to the complaint.  Defendants also

argue that they are entitled to qualified immunity.  Because the Court finds that Plaintiff's complaint

is barred by the statute of limitations, it will not address the merits of Defendants' arguments.

A plaintiff must commence suit within the time prescribed under the applicable statute of

limitations in order to avoid the statute of limitations bar.  Because 42 U.S.C. ¶ 1983does not

provide its own statute of limitations, federal courts borrow the analogous limitations period from

the forum state.  *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).  Michigan provides for

a three year statute of limitations period for civil rights actions under 42 U.S.C. § 1983.  *McCune*

*v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

Plaintiff alleges that he was assaulted by fellow prisoners on October 11, 2009.  He claims

that he told certain Defendants on the day of the assault that he was being threatened by other

prisoners.  He alleges that he informed other Defendants prior to the assault that he was being

threatened and was afraid for his life.  Consequently, the limitations period pertaining to Plaintiff's

claims expired on October 11, 2012.  The complaint was signed by Plaintiff on April 10, 2013 and

was filed by the Court on April 19, 2013.  Even Plaintiff's first complaint in case no. 12-15403 was

filed outside the three year statute of limitations period as it relates to the Pine River Correctional

Facility assault. Because this matter is time-barred, the Court recommends that Defendants' motion for summary judgment be granted and Plaintiff's claims against Defendants Balcarcel, Johnson, Parks, Masar, and Edwards be dismissed.

Process has not been served on Defendants Birkett, Kohloff, and Merry. Since the action is time-barred Plaintiff's claims are frivolous and fail to state a claim on which relief may be granted. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous claims that were barred by the applicable statute of limitations); *Peck v. Gen. Motors Corp.*, 894 F.2d 844 (6th Cir. 1990) (affirming dismissal under Federal Rule 12(b)(6) because the suit was time-barred under the applicable statute of limitations). Accordingly, the Court recommends that Plaintiff's claims against Defendants Birkett, Kohlof, and Merry be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: February 4, 2014                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE



## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon George Davis and Counsel of Record on this date.


Dated: February 4, 2014                    s/ Lisa C. Bartlett
                                           Case Manager